**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

HOLLY JARVIS,

                              Plaintiff,

   v.

CITIZEN REVIEW BOARD OF THE CITY          No. 5:25-CV-1169
OF SYRACUSE,                                       (AMN/PJE)

                              Defendant.

---

**APPEARANCES:**

Holly Jarvis
105 Rider Avenue, Apt. 1
Syracuse, New York 13207
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

### I. **In Forma Pauperis**

Plaintiff pro se Holly Jarvis ("plaintiff") commenced this action on August 26, 2025, by filing a complaint.[2] *See* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that she

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(d).

[2] The undersigned notes that plaintiff has filed eight other actions with this Court. *See Jarvis v. City of Syracuse Police Department, et al.*, 5:25-CV-0228 (LEK/MJK); *Jarvis v. Funny Bone Comedy Club, et al.*, 5:25-CV-0645 (LEK/MJK); *Jarvis v. Wagner, et al.,* 5:25-CV-0647 (BKS/PJE); *Jarvis v. D'Angelo, et al.*, 5:25-CV-0648 (GTS/ML); *Jarvis v. Duell, et al.*, 5:25-CV-0843 (LEK/MJK); *Jarvis v. Petricola, et al.*, 5:25-CV-1166 (ECC/DJS); *Jarvis v. Knapp, et al.*, 5:25-CV-1167 (MAD/MJK); *Jarvis v. Glynn, et al.*, 5:25-CV-1168 (BKS/ML).

financially qualifies to proceed IFP.[3]  Pursuant to this review, this Court must now assess the merits of plaintiff's complaint and motion pursuant to 28 U.S.C. §§ 1915, 1915A.[4]

## II.  Initial Review

### A.  Legal Standards

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party

---

[3] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[4] These requirements apply equally to non-prisoner pro se litigants.  *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

2

>from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted*); see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted).  Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[5] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[6]  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to

---

[5] Hereinafter, "Fed. R. Civ. P."
[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

3

relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ." FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d).

>Further, Rule 10 provides in pertinent part that:

>>[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 55 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.

1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Id.* (citations omitted).

### III.  Discussion

#### A.  **Plaintiff's Complaint**[7]

Plaintiff alleges that she timely and properly "filed a formal complaint" with the Citizen Review Board of the City of Syracuse ("CRB") "regarding misconduct by Syracuse Police Department officers," but the CRB "failed to investigate, failed to forward the matter appropriately, and failed to take corrective action."  Dkt. No. 1 at 2.  Plaintiff claims that she "was left to face court proceedings without the oversight, advocacy, or findings that the CRB was required to find."  *Id*.  Plaintiff asserts that the CRB's failure to properly review and process her complaint violated her due process and equal protection rights.  *See id*.  Plaintiff seeks "[a] declaration that the CRB failed to perform its mandated duties," "[a]n order compelling the CRB to investigate and process [her] complaint," and "[m]onetary damages for emotional distress and harm suffered in an amount to be determined at trial."  *Id*. at 2-3.

#### B.  **Analysis**

Liberally construing plaintiff's complaint, plaintiff seeks to proceed pursuant to 42 U.S.C. § 1983 against the CRB, alleging her Fourteenth Amendment procedural due process and equal protection rights were violated.  *See generally* Dkt. Nos. 1, 1-2; *see*

---

[7] Plaintiff included two attachments with her complaint.  *See* Dkt. No. 1-1, 1-2.  These attachments have also been reviewed in connection with the initial review of plaintiff's complaint.  *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

*also Triestman*, 470 F.3d at 475 ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

1. **Fed. R. Civ. P. 8**

As a threshold matter, plaintiff's complaint fails to satisfy the pleading requirements of Rule 8.  *See* FED. R. CIV. P. 8(a).  Plaintiff's complaint does not provide "a short and plain statement of the claim showing" why he is entitled to relief.  *Id*.  Plaintiff's complaint alleges that she filed a complaint with the CRB, but the CRB failed to process her complaint, investigate her claims, or issue a report recommending "corrective action."  Dkt. No. 1 at 2.  However, plaintiff fails to provide any details or context describing her CRB complaint or her interactions with the CRB.  Plaintiff does not attach a copy of her CRB complaint with this instant submission.  *See generally* Dkt. No. 1.  Similarly, plaintiff does not describe the court proceedings in which she would have relied on the CRB recommendation or how the lack of a CRB recommendation negatively affected the outcome of those court proceedings.  As will be discussed in further detail below, without this information, plaintiff's complaint does not provide "fair notice of the claim[s] being asserted" against the CRB such that they would have an adequate opportunity to file an answer and "prepare an adequate defense."  *Flores*, 189 F.R.D. at 55; *Sheehy*, 335 F. App'x at 104; FED. R. CIV. P. 8(a)(2).  Therefore, the undersigned recommends that plaintiff's complaint be dismissed without prejudice and with leave to amend for failure to satisfy Rule 8's requirements.  *See Salahuddin*, 861 F.2d at 42; FED. R. CIV. P. 8(a)(2);

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

2. **CRB**[8]

Plaintiff identifies the CRB as "an oversight body established by the City of Syracuse." Dkt. No. 1 at 1. Considering the early stages of this case, and out of an abundance of special solicitude, the Court will assume, for sake of this review, that the CRB is an arm of a municipal entity, here, the City of Syracuse. As such, the plaintiff can only proceed with section 1983 claims pursuant to *Monell*. *See Louisiana Mgmt. Co., LLC v. City of Saratoga Springs, New York*, No. 1:24-CV-1017 (AMN/DJS), 2025 WL 915753, at *8 (N.D.N.Y. Mar. 26, 2025) (citing *Davis v. Town of Hempstead*, 167 F. App'x 235, 239 (2d Cir. 2006) (summary order) (noting that a municipal board may be liable under *Monell* for performing its authorized functions).

Under *Monell*, the proper defendant is the municipality itself, not the agency, and a claim may only proceed against a municipality within the limited confines of *Monell*. *See Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (citing *Monell*, 436 U.S. at 690-91). As such, plaintiff's claims cannot proceed against the CRB, as it is "merely [an] administrative arm[] of a municipality [that] do[es] not have a legal identity separate and

---

[8] "The CRB is a 'citizen-controlled process for reviewing grievances involving members of the Syracuse police department' aimed at providing a 'non-exclusive alternative to civil litigation.'" *Israel v. Carleo*, No. 5:21-CV-915, 2022 WL 1046444, at *1 (N.D.N.Y. Apr. 7, 2022) (quoting Syracuse, NY Code of Ordinances, art. VI, § 12-181). The CRB was established "to hear complaints regarding Syracuse police officers and the Syracuse police department, and . . . maintain procedural due process safeguards to protect the rights of both police officers and individuals who come in contact with the Syracuse police department and its officers." Syracuse, NY Code of Ordinances, art. VI, § 12-181; *see also* CITIZEN REVIEW BOARD, https://www.syr.gov/Departments/Citizen-Review-Board-CRB (last visited Jan. 25, 2026) (The City of Syracuse established the CRB on December 29, 2011, to (1) provide "[p]ublic accountability over the powers exercised by members" of the Syracuse Police Department ("SPD"), (2) preserve "the integrity of the SPD," and (3) "[a] forum for people to submit complaints about members of SPD to be heard and reviewed fairly and impartially by appointed community members."). The CRB is "independent of the Syracuse police department" and "shall hear, investigate and *review* complaints and recommend action regarding police misconduct." *Id.*, art. VI, § 12-183.

7

apart from the municipality and therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2022) (citations omitted); *Rogers v. CPS*, No. 5:20-CV-75 (LEK/ATB), 2020 WL 2059824, at *3 (N.D.N.Y. Apr. 29, 2020) ("Plaintiff cannot sue CPS because it is an administrative arm of Onandaga County."). The proper defendant is the City of Syracuse.

Should plaintiff amend her complaint to name the City of Syracuse, plaintiff must allege a *Monell* claim. "Municipalities may be sued directly under [Section] 1983" pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) "for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision." *Batista,* 702 F.2d at 397 (2d Cir. 1983) (citing *Monell*, 436 U.S. at 690-91). "To set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead that a deprivation of his constitutional rights was 'caused by a governmental custom, policy, or usage of the municipality.'" *Dougal v. Lewicki*, No. 1:23-CV-1167 (DNH/CFH), 2023 WL 6430586, at *10 (N.D.N.Y. Oct. 3, 2023), *report and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023) (quoting *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. at 690-91)). An "official policy or custom" can be pleaded as follows:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a 'custom or usage' sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to 'deliberate indifference' to the rights of those who come in contact with the municipal employees.

*Id.* (quoting *Dorsett-Felicelli, Inc. v. Cty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005)) (internal citations omitted); *see also Santos v. New York City*, 847 F. Supp. 2d 573,

576 (S.D.N.Y. 2012) (explaining that, to state an official policy claim under *Monell*, the plaintiff "must do more than simply state that a municipal policy . . . exists"); *Coleman v. Cnty. of Suffolk*, 685 F. App'x 69, 72 (2d Cir. 2017) (summary order) ("Where . . . the conduct of individual defendant officers does not violate the plaintiff's constitutional rights, the municipality is generally not liable for a policy or practice pursuant to which the conduct was performed."); *Fleming v. City of New York*, No. 18-CV-4866 (GBD/JW), 2023 WL 1861223, at *1 (S.D.N.Y. Feb. 9, 2023) (noting that, in some situations, a municipality may be held liable under *Monell* even if a plaintiff is unable to establish liability against individual defendants).

Here, in addition to failing to name the municipality, plaintiff has not pled that her constitutional rights were violated due to an official City of Syracuse policy, a persistent and widespread custom or practice, a failure to train or supervise, or because a policy-making official's deliberate conduct deprived her of a constitutional right. *See Dougal*, 2023 WL 6430586, at *10 (quoting *Dorsett-Felicelli, Inc.*, 371 F. Supp. 2d at 194); *see also Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297-98 (2d Cir. 2020).

Accordingly, the undersigned recommends that plaintiff's claims be dismissed because it appears, at the early stages of this case, that the CRB may be municipal arm of City of Syracuse and, thus, cannot be sued under section 1983.. Thus, it is recommended that plaintiff's claims against the CRB be dismissed without prejudice.[9] It

---

[9] If plaintiff were to argue that the CRB is not a municipal entity, to proceed pursuant to §1983 claim, she must adequately establish that the CRB is a state actor acting under color of state law. "The Supreme Court has established three tests to determine whether a private person is deemed to be a 'state actor' for purposes of § 1983: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Carlucci v. Kalsched*, 78 F. Supp. 2d 246, 251-52 (S.D.N.Y. 2000) (first citing *West v. Atkins*, 487 U.S. 42, 49-50, (1988) (public function test); then citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970) (state compulsion test); then citing *Burton v. Wilmington Parking Auth.,* 365 U.S. 715 (1961) (symbiotic relationship or nexus test)); see also *Fisk v. Letterman*, 401 F. Supp. 2d 363, 376 (S.D.N.Y. 2005) (quoting *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002)) (discussing

is further recommended that plaintiff be given leave to amend should she wish to name the City of Syracuse as a defendant and alleges that her constitutional rights were violated as a result of a formal policy, widespread custom, failure to train or supervise, or that a policy-making official's deliberate conduct. *See Dougal*, 2023 WL 6430586, at *10 (quoting *Dorsett-Felicelli, Inc.*, 371 F. Supp. 2d at 194).

### IV.  **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that Plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and with leave to amend** as specified herein; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be given thirty days from the filing date of the District Judge's Order adopting this Report-Recommendation and Order to file an amended complaint,[10] and if the plaintiff does not so file pursuant to that Decision & Order, the action may be closed without need for further order of the Court, and if plaintiff does so file, the amended

---

what a plaintiff must allege when arguing that a private actor was acting under color of state law by engaging through a conspiracy with state actors).

[10] If the District Judge, following review of this Report-Recommendation & Order, permits plaintiff to amend her complaint, she is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir.1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom an opportunity to amend was allowed such that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.  It may not incorporate any portion of the original complaint by reference or include any claims or defendants that the District Judge dismissed with prejudice or without prejudice but without opportunity to amend.

complaint be noticed for substantive sufficiency review pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.[11]

Dated: January 30, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[11] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).