UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HOLLY JARVIS,

                           Plaintiff,

    v.                                            5:25-cv-01169 (AMN/PJE)

CITIZEN REVIEW BOARD OF THE
CITY OF SYRACUSE,

                           Defendant.

---

**APPEARANCES:**                          **OF COUNSEL:**

**HOLLY JARVIS**
105 Rider Avenue – Apartment 1
Syracuse, New York 13207
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On August 26, 2025, plaintiff *pro se* Holly Jarvis ("Plaintiff") commenced this action against defendant Citizen Review Board of the City of Syracuse ("Defendant") in connection with a complaint she had submitted. Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. No. 5 at 1-2.[1]

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A and, on January 30, 2026, recommended that the Complaint be dismissed with leave to amend. Dkt. No. 5 ("Report-

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

Recommendation"). Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 11. No objections have been filed, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety and dismisses the Complaint without prejudice and with leave to amend.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229. "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a

2

legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Evangelista first determined that Plaintiff's cursory factual allegations did not satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Dkt. No. 5 at 6-7; *see also City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Secs. Corp.*, 92 F.4th 381, 396 (2d Cir. 2024) ("[Federal Rule of Civil Procedure 8(a)] is designed to permit [*each*] defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.") (alterations in original) (citation omitted). Magistrate Judge Evangelista next found that Plaintiff's allegations were also insufficient to state a claim under Section 1983.[2] Dkt. No. 5 at 7-10. Given the nature of the deficiencies in the Complaint, and in light of Plaintiff's *pro se* status, Magistrate Judge Evangelista recommended that she receive leave to amend. *Id.* at 9-10. Magistrate Judge Evangelista also detailed the requirements for any amended complaint. *See, e.g., id.* at 7-10, 9 n.9.

The Court discerns no clear error in Magistrate Judge Evangelista's findings and recommendations. Accordingly, the Court adopts the Report-Recommendation in its entirety.

### IV. CONCLUSION

Accordingly, the Court hereby

---

[2] Given the absence of a viable federal claim, the Court would also lack jurisdiction over any state law claims against non-diverse parties. 28 U.S.C. § 1367.

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Evangelista for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: February 20, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.

4