**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

HOLLY JARVIS,

Plaintiff,

v. 5:25-cv-01169 (AMN/PJE)

CITIZEN REVIEW BOARD OF THE
CITY OF SYRACUSE, et al.,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**HOLLY JARVIS**
105 Rider Avenue – Apartment 1
Syracuse, New York 13207
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On August 26, 2025, plaintiff *pro se* Holly Jarvis ("Plaintiff") commenced this action against defendant Citizen Review Board of the City of Syracuse ("CRB"). Dkt. No. 1. Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. No. 5 at 1-2.[1] This matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e) and, on January 30, 2026, recommended that the Complaint be dismissed with leave to amend. *See* Dkt. No. 5. The Court subsequently adopted Magistrate Judge Evangelista's recommendation. *See* Dkt. No. 6.

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

On March 19, 2026, Plaintiff filed an amended complaint naming both the CRB and the City of Syracuse itself ("Syracuse") as defendants (collectively, "Defendants"). *See* Dkt. No. 7 ("Amended Complaint"). Reviewing the Amended Complaint under Section 1915(e), Magistrate Judge Evangelista again found Plaintiff's claims to be meritless and issued a Report-Recommendation and Order recommending that Plaintiff's action be dismissed with prejudice and without leave to amend. *See* Dkt. No. 8 ("Report-Recommendation"). Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Evangelista advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 8-9. No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation in full and dismisses the Amended Complaint with prejudice and without leave to amend.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at

*1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Plaintiff alleges that, as the result of an unspecified "incident" at a comedy club in Syracuse, New York, "security personnel and off-duty probation officers contacted the Syracuse Police Department" and she was arrested. *See* Dkt. No. 7 at 1. Criminal charges were originally brought against her before later being dismissed. *See id.* "Plaintiff submitted a formal complaint of police misconduct in person to the [CRB]" and was told by a city employee that the complaint would be referred to the "Office of Professional Standards" for investigation, but she was later

informed that the "Office of Professional Standards never received [her] complaint." *Id.* at 1-2. "Because the complaint was never received by the Office of Professional Standards, no investigation into Plaintiff's allegations of misconduct occurred," and "Plaintiff's subsequent attempts to obtain information from the Citizen Review Board were unsuccessful." *Id.* at 2.

Plaintiff brings an action under 28 U.S.C. § 1983 against Defendants alleging violations of the First and Fourteenth Amendments. Reviewing the Amended Complaint, Magistrate Judge Evangelista first recommended dismissal of all of Plaintiff's claims against the CRB with prejudice and without leave to amend because they are duplicative of her claims against Syracuse. *See* Dkt. No. 8 at 4 (noting the CRB is "merely [an] administrative arm[] of a municipality [that] do[es] not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued") (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2022)).

Next, Magistrate Judge Evangelista explained that suits against municipalities can proceed only through a theory of municipal liability "for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision." *Id.* at 5 (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). Magistrate Judge Evangelista concluded that "plaintiff's amended complaint fails to raise a Section 1983 claim based on municipal liability because plaintiff does not allege that her constitutional rights were violated due to an official [Syracuse] policy, a persistent and widespread custom or practice, a failure to train or supervise, or because a policy-making official's deliberate conduct deprived her of a constitutional right." *Id.* at 6 (citation omitted). Further, Magistrate Judge Evangelista determined that the Amended Complaint "appears to indicate that the CRB's failure to process or investigate her police misconduct claim was a one-time incident," and that "a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the

incident includes proof that it was caused by an existing, unconstitutional municipal policy[] [that] can be attributed to a municipal policymaker." *Id.* (quoting *Arzu v. City of New York*, No. 24-cv-6058, 2025 WL 437699, at *5 (S.D.N.Y. Feb. 7, 2025)). Accordingly, Magistrate Judge Evangelista recommended the Amended Complaint be dismissed with prejudice.

Finally, considering whether to grant leave to amend, Magistrate Judge Evangelista noted that "if the problems with a complaint are substantive rather than the result of an inadequately or inartfully pleaded complaint, an opportunity to re-plead would be futile and should be denied." *Id.* at 7-8 (quoting *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019)). Magistrate Judge Evangelista's prior decision had informed Plaintiff that she needed to allege facts that would support municipal liability in any amended complaint, but she failed to do so in the Amended Complaint. *See id.* at 8 (citing Dkt. No. 5 at 7-9). Therefore, Magistrate Judge Evangelista recommended that "Plaintiff's amended complaint be dismissed with prejudice and without opportunity to amend because any attempt at amendment would be futile." *Id.* (quotation omitted).

The Court discerns no clear error in Magistrate Judge Evangelista's findings and recommendations. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 8, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 7, be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 20, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge